MUÑOZ, APPELLANT, *v.* THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Guayama.

No. 167.—Decided January 26, 1914.

POSSESSORY TITLE PROCEEDINGS—JURISDICTION.—In accordance with articles 390 and 391 of the Mortgage Law, jurisdiction of possessory title proceedings vests first in the district court, and only when there is no district court in the municipality where the property is located has the municipal court jurisdiction.

The facts are stated in the opinion.
*Mr. Luis Capó* for appellant.
Mr. Felipe Cuchí Arnau, the registrar, did not appear.
MR. JUSTICE WOLF delivered the opinion of the court.

The Municipal Court of Guayama ordered the record in the Registry of Property of Guayama of a certificate of possession of a house described in said certificate as being worth the sum of $3,200. When this certificate was presented to the registrar he refused to record the same on the ground that the Municipal Court of Guayama had no jurisdiction to issue such certificates of possession (*expedientes posesorios*).

On appeal to this court the appellant alleges that munici-
pal courts are given authority to issue these possessory cer-
tificates by virtue of sections 390 and 391 of the Mortgage
Law, but we are unable to follow his reasoning. By section
390 the courts of first instance, now substituted by the dis-
trict courts, are given authority to issue certificates of pos-
session. This section also provides that when a piece of prop-
erty is located in the place in which there is no court of first
instance, then the municipal court may act. The district court
is the primary court and the municipal court can only act
when there is no district court located in the place. The Mu-
nicipal Court of Guayama does not fall within the exception
because the District Court of Guayama is located in that city.

The provisions of the Mortgage Law were preserved by
Military Order of 1899, No. 118, section 71, and the provi-
sions of such Mortgage Law have never been repealed with
respect to certificates of possession by any subsequent law
of the Legislature. Even if it should be urged that municipal
courts have jurisdiction where the sum involved is but $500,
no such question could arise in this case because the value
of the property is worth more than that amount, namely,
$3,200.

The note of the registrar must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey
concurred.